UNITED STATES of America, Appellee,

v.

John Wyatt MULLINS, Jr., Appellant.

No. 81-5305.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 10, 1982.

Decided Jan. 27, 1983.

Harwell M. Darby, Jr., Roanoke, Va. (Eggleston, Glenn & Feldmann, Roanoke, Va., on brief), for appellant.

Thomas J. Bondurant, Asst. U.S. Atty., Roanoke, Va., Bonnie L. Paul, Third Year Law Student (John P. Alderman, U.S. Atty., Jean B. Weld, Asst. U.S. Atty., Roanoke, Va., on brief), for appellee.

Before HALL and ERVIN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

HAYNSWORTH, Senior Circuit Judge:

Mullins, a convicted felon, was convicted of possession of a Rossi .38 caliber revolver and of a second count of possession of an Eibar .38 caliber revolver, each in violation of 18 U.S.C.App. § 1202(a). Consecutive sentences of two years' imprisonment were imposed.

Each of the guns was seized during a search of a room occupied by Mullins as his bedroom. One of them was in a cardboard box atop a refrigerator, while the other was between two mattresses on a bed. The question presented is whether it was proper for the district judge to impose consecutive sentences when the guns were discovered and seized in the same room during the same search.

## I.

The general rule is that when a convicted felon acquires two or more firearms in one transaction and stores and possesses them together, he commits only one offense under § 1202(a)(1). *United States v. Bullock,* 615 F.2d 1082 (5th Cir.), *cert. denied,* 449 U.S. 957, 101 S.Ct. 367, 66 L.Ed.2d 223 (1980); *United States v. Rosenbarger,* 536 F.2d 715 (6th Cir.), *cert. denied,* 431 U.S. 965, 97 S.Ct. 2920, 53 L.Ed.2d 1060 (1976); *United States v. Calhoun,* 510 F.2d 861 (7th Cir.) *cert. denied,* 421 U.S. 950, 95 S.Ct. 1683, 44 L.Ed.2d 84 (1975). If no more appears than that the defendant was in possession of the several firearms at the same place and moment before their seizure, it is impermissible for a fact-finder to speculate that they may have been acquired in separate transactions or separately stored or treated. If it can be shown, however, that the seized weapons were acquired at different times and places, multiple prosecutions and consecutive sentences are permissible notwithstanding seizure at the same time and place. *United States v. Wiga,* 662 F.2d 1325 (9th Cir.1981), *cert. denied,* 456 U.S. 918, 102 S.Ct. 1775, 72 L.Ed.2d 178; *United States v. Bullock, supra; United States v. Killebrew,* 560 F.2d 729 (6th Cir.1977).

## II.

There was no direct evidence that Mullins initially acquired the two weapons in separate transactions, but there was substantial testimony that his possessions of them were separate in use.

Mullins ran an illegal establishment where hard liquor was sold. For a time at least, he owned a second such establishment some distance away, which was generally operated by an employee named Woody. Woody testified that Mullins gave him the Eibar for protection of himself and the business at the second establishment. He kept the Eibar for some five or six months, after which he returned it to Mullins. He also testified that he had seen the Rossi in the handbag of defendant's wife, Maria Mullins. That testimony was confirmed by Maria, who had seen Woody carrying the Eibar. According to her, she would drive her husband to and from Axton when he visited the second establishment, and on those occasions she would carry the Rossi in her handbag. She returned the handgun to Mullins after the termination of each such trip.

## III.

Although the two guns were seized together, logic and the scheme of § 1202(a) strongly suggest that his acts of possession may not be viewed in a frozen, momentary state immediately prior to the seizure. The answer to the question whether there was one possession of the two guns or two possessions is to be found in the course of his treatment of the firearms. A momentary possession may be a violation of the statute, but the character of the possession is to be found in the possessor's course of conduct. This is entirely consistent with *Bullock* and the other cases cited above.

At least during the months of Woody's employment, the Eibar was used principally to provide armed protection for Woody at the Axton establishment, while the Rossi was used to provide armed protection for Mullins in his principal establishment. If the delivery of the Eibar to Woody be regarded as a loan, he was lending the two weapons to two different persons at different times and reacquiring each at different times. On the other hand, if, because of the circumstances under which Maria carried the Rossi in her handbag, it may be said that Mullins also retained constructive possession of each of the weapons, his use of one was clearly separate from the

use of the other and each possession was separate from the other.

Accordingly, we conclude that Mullins was chargeable with two separate offenses under § 1202(a) because the evidence sufficiently showed his disparate course of dealing with the two weapons. The trial court's imposition of consecutive sentences was therefore proper.

### IV.

We have considered the defendant's other contentions on appeal, and find them to be without merit. Accordingly, we affirm.

AFFIRMED.