60 F.3d 826
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Tyrone KELLY, Defendant-Appellant.
 No. 94-5885.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 13, 1995
Decided July 5, 1995
 
 Thomas H. Johnson, Jr., Greensboro, NC, for Appellant. Walter C. Holton, Jr., United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, NC, for Appellee.
 Before WILKINS and HAMILTON, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Tyrone Kelly appeals from his convictions and sentence for (1) being a felon in possession of ammunition, in violation of 18 U.S.C.A. Secs. 922(g)(1), 924(a)(2) (West 1976 & Supp.1995); (2) being a felon in possession of a firearm, in violation of Secs. 922(g)(1), 924(a)(2); and (3) possessing a "sawed-off" shotgun, in violation of 26 U.S.C. Secs. 5861(d), 5871 (1988). Kelly also was indicted on a count of possessing a firearm with an obliterated serial number, in violation of 18 U.S.C.A. Secs. 922(k), 924(a)(1)(B) (West 1976 & Supp.1995), which was dismissed during trial. Kelly alleges several errors. We affirm.
 
 
 2
 Kelly first contends that the district court erred in denying his motion to suppress evidence. He moved below to suppress evidence found on his person during a Terry* search. The district court held a hearing on the motion. At that hearing the Government presented evidence that a police officer saw Kelly pull a sawed-off shotgun from his shirt prior to entering an abandoned car wash. When other officers, notified of this information, moved in to investigate the situation, they were fully justified in conducting the type of pat-down search authorized by Terry. The officers did no more than attempt to protect themselves from someone they believed was holding a firearm. Terry, 392 U.S. at 27. The district court did not err in denying the motion to suppress.
 
 
 3
 Kelly next contends that two counts of the indictment--counts ostensibly charging the Sec. 922(g) felon-in-possession offense and the Sec. 5861(d) sawed-off shotgun offense--were duplicitous because the counts also charged possession of a firearm with an obliterated serial number, which was the substance of Count Three. The language in the two challenged counts did no more than recite, in description of the firearm, that the firearm had an obliterated serial number. The counts clearly charged other crimes and not the crime charged explicitly in Count Three. We find that the district court properly refused to strike the descriptive language in the two counts; there was no duplicity in those counts.
 
 
 4
 Third, Kelly contends that the two Sec. 922(g)(1) convictions for being a felon in possession of a firearm and for being a felon in possession of ammunition violate the Double Jeopardy Clause. Although Kelly alleges that the possession of the firearm and the ammunition were simultaneous, there is evidence in the trial transcript that the firearm and the ammunition were acquired on different dates. That they were later possessed concurrently is immaterial. The two acquisitions support two separate convictions under Sec. 922(g)(1). Cf. United States v. Mullins, 698 F.2d 686, 687 (4th Cir.) (possession of multiple firearms acquired on different dates supports multiple Sec. 922(g)(1) convictions), cert. denied, 460 U.S. 1073 (1983).
 
 
 5
 Finally, Kelly contends that the district court erred when it sentenced him to consecutive sentences for the consolidated Sec. 922(g)(1) felon-in-possession counts and the Sec. 5861(d) possession of a sawedoff shotgun count. Kelly's contention is without merit. United States v. Concepcion, 983 F.2d 369, 391 (2d Cir.1992), cert. denied, 62 U.S.L.W. 3248 (U.S.1993).
 
 
 6
 We affirm the convictions and sentence. We grant the Government's motion to submit the case on the briefs because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Terry v. Ohio, 392 U.S. 1 (1968)