UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4589

ROBERT LEE WASHINGTON,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CR-97-50)

Submitted: May 28, 1999

Decided: June 29, 1999

Before WILKINS, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Rickey G. Young, LAW OFFICE OF RICKEY G. YOUNG, Martins-
ville, Virginia, for Appellant. Robert P. Crouch, Jr., United States
Attorney, Thomas E. Booth, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Robert Lee Washington appeals his convictions for possession with intent to distribute cocaine and three counts of possession of a firearm by a convicted felon. He asserts that the district court improperly denied his motions to suppress, to dismiss the indictment, and to exclude evidence of his prior convictions. In addition, he challenges the sufficiency of the evidence supporting his convictions. After a careful review of the record, we affirm.

Washington first contends that the district court erred in denying his pretrial motion to dismiss certain firearm counts as multiplicitous. Washington was indicted on the following charges: possession of cocaine base with intent to distribute; eight counts of possession of a firearm by a felon; and seven counts of being an unlawful user of controlled substances and knowingly possessing firearms. The district court denied his pretrial motion to dismiss the indictment, and the jury returned a verdict of guilty on all charges. At the beginning of the sentencing hearing, the district court dismissed five counts of possession of a firearm by a felon and all seven counts of being an unlawful user of controlled substances and knowingly possessing firearms.

Washington argues that, even though the multiplicitous counts were dismissed at sentencing, he was harmed by the improper suggestion to the jury that he had committed sixteen crimes. A decision of whether to require the prosecution to elect between multiplicitous counts before trial is within the discretion of the trial court. See United States v. Johnson, 130 F.3d 1420, 1426 (10th Cir. 1997), cert. denied, ___ U.S. ___, 67 U.S.L.W. 3231 (U.S. Oct. 5, 1998) (No. 97-8558).

We find that the district court did not abuse its discretion in denying Washington's pretrial motion to dismiss. As the court noted, there was a possibility that certain of the counts would not be multiplicitous if the Government could show that Washington possessed the firearms on different occasions. See United States v. Mullins, 698 F.2d 686, 687 (4th Cir. 1983). Furthermore, even if the court's denial of the motion could be considered an abuse of discretion, it was clearly

2

harmless in this case. See United States v. Burns, 990 F.2d 1426, 1438 (4th Cir. 1992) (in post-conviction challenges to an indictment on multiplicity grounds, appropriate remedy is to vacate only offending convictions); United States v. Luskin, 926 F.2d 372, 378 (4th Cir. 1991) (when the jury reaches a guilty verdict on more than one of such multiple counts, the proper remedy is to strike the multiplicitous convictions).

Washington also raises the related argument that his remaining convictions are duplicative. However, while simultaneous possession of multiple firearms that are seized at the same time from the defendant's home constitutes only one act of possession, separate firearm possession offenses exist if the firearms were acquired, stored, or possessed at different times and places. See United States v. Dunford, 148 F.3d 385, 389 (4th Cir. 1998); Mullins, 698 F.2d at 687; United States v. Wiga, 662 F.2d 1325, 1336 (9th Cir. 1981).

The evidence at trial showed that in November 1996, Hicks Beam and Washington took four firearms, including a Browning semi-automatic rifle, to Clifford Bartosh for repair at his store. Beam handed the rifle to Bartosh and said that it belonged to Washington. Washington did not deny ownership of the firearm, and Bartosh placed Washington's name on the identification tag. During Thanksgiving weekend of 1996, Washington took a Marlin .22 Magnum firearm from a young relative who had been mishandling the firearm outside the house.

On December 18, Virginia law enforcement agents executed the search warrant and arrested Washington. The agents seized the .22 Magnum and ammunition from under Washington's bed and a Winchester shotgun (with Washington's fingerprints) and four more guns from a closet in another bedroom. On December 20, Bartosh told law enforcement agents that he had Washington's Browning firearm. Agents subsequently seized that firearm from Bartosh.

Because the evidence showed that Washington gave the Browning rifle (count 19) to a repair store several weeks before the agents seized the other firearms from his residence and because the Marlin .22 Magnum rifle (count 5) was possessed on an independent occasion, we find that Washington was properly separately charged and

3

convicted of possession of the Browning, the Marlin, and the Winchester (count 10).

Washington next argues that the evidence was insufficient to support his conviction for possession with intent to distribute cocaine. Washington bases his argument on the fact that only 1.37 grams of cocaine were seized from his home, and he suggests that the cocaine was for personal use.

Possession of a small quantity of drugs by itself is an insufficient basis from which intent to distribute may be inferred. See United States v. Fisher, 912 F.2d 728, 730 (4th Cir. 1990). When a relatively small quantity of drugs is found, indicative of either personal use or distribution, other indicia, such as the presence of drug-packaging paraphernalia, firearms, and large sums of unexplained currency, may justify an inference of intent to distribute. See id. at 730-31; see also United States v. Tanner, 941 F.2d 574, 586-87 (7th Cir. 1991).

Although Washington possessed only a small amount of drugs, he also possessed in his home at the time of his arrest the cutting agent Inositol, baggies, a digital scale, straws, smoking devices, and seven guns. In addition, Heather Martin testified that Washington had given her cocaine earlier that day. Further, Washington had previously been convicted of distributing cocaine. Based on the foregoing, we find that the evidence supports a conviction of possession with intent to distribute cocaine.

Finally, Washington challenges the sufficiency of the evidence supporting his firearm convictions. He alleges that the Government presented insufficient evidence that he possessed or even knew about the firearms found in his home.

This claim is meritless. Regarding the Winchester shotgun, Washington's fingerprint was found on the firearm, which was present in his home along with cocaine and numerous other firearms. With regard to the .22 Magnum, this gun and ammunition were found underneath Washington's bed in his bedroom. Three weeks before, he had taken the firearm away from a younger relative. Regarding the Browning rifle, Washington delivered this rifle to Bartosh. Although Beam handled the rifle on that day, Washington's silence when Beam

4

stated that the firearm belonged to Washington and when Bartosh recorded such on the repair receipt constituted an implied admission of ownership. The evidence was therefore sufficient to support Washington's firearm convictions.

We have reviewed the district court's rulings on the remaining issues and find them to be without reversible error. Accordingly, we affirm the denial of Washington's motions to suppress and to exclude evidence of his prior convictions on the reasoning of the district court. See United States v. Washington, No. 97-50-A (W.D. Va. Feb. 17, 1998) (denial of motion to suppress); J.A. at 550-51 (ruling from the bench denying motion to exclude evidence). Washington's convictions are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5