COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bray and
          Senior Judge Overton[*]
Argued at Norfolk, Virginia


CHARLES RICHARD ACEY
                                            OPINION BY
v.    Record No. 2618-97-1          JUDGE NELSON T. OVERTON
                                          MARCH 9, 1999
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
                    AND COUNTY OF JAMES CITY
              Samuel Taylor Powell, III, Judge

          Dwight G. Rudd (George U. Brooks, III; Wood &
          Brooks, on brief), for appellant.

          Kathleen B. Martin, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Charles Richard Acey (defendant) appeals his multiple

convictions for larceny of a firearm, in violation of Code

§ 18.2-108.1, and the knowing and intentional possession of a

firearm by a convicted felon, in violation of Code § 18.2-308.2.

He contends:  (1) the evidence was insufficient to prove he

intended to steal the firearms; (2) the taking of three firearms

in the circumstances of this case should result in only one

conviction for larceny instead of three; and (3) the possession

of three weapons in the circumstances of this case should result

in only one conviction for possession instead of three.  We hold

---

[*]Judge Overton participated in the hearing and decision of
this case prior to the effective date of his retirement on
January 31, 1999 and thereafter by his designation as a senior
judge pursuant to Code § 17.1-401, recodifying Code
§ 17-116.01:1.

that the evidence was sufficient to prove the requisite intent, but only a single conviction for larceny and a single conviction for possession of a firearm were warranted. Thus, we reverse in part and affirm in part.

Facts

"An appellate court must discard all evidence of the accused that conflicts with that of the Commonwealth and regard as true all credible evidence favorable to the Commonwealth and all fair inferences reasonably deducible therefrom." Lea v. Commonwealth, 16 Va. App. 300, 303, 429 S.E.2d 477, 479 (1993). So viewed, the record established that on the afternoon of June 27, 1996, defendant left work, bought a package of beer and drank several cans. He proceeded to a local restaurant where he met a friend, Roger Viall, and both men became intoxicated. After visiting another eatery, Viall drove them to his home in his car.

Officer Foster of the James City County Police Department saw Viall driving erratically and stopped him as he entered his driveway. Officer Foster arrested Viall for driving while under the influence of alcohol. Just prior to the arrest, Viall gave defendant the keys to his home and car. Viall testified that he told defendant to go inside the house. Defendant, however, testified that Viall told him to "get rid of the guns or lose them." Viall kept a collection of firearms in his house, including automatic weapons, which defendant suspected were illegally possessed. Defendant believed Viall wanted him to dispose of the guns to prevent their discovery by police.

- 2 -

Defendant entered the house and drank more beer.  He then went to Viall's bedroom and took a shotgun from the closet, a handgun from the dresser and a handgun from a holster hanging on the bed.  Defendant saw a crate full of weapons located in the closet but did not touch them.

While defendant was so engaged within the house, Officer Foster transported Viall to the police station.  After they departed, defendant placed the weapons in Viall's car and drove to his own home in Lanexa.  Upon arrival, defendant telephoned the New Kent County Sheriff's office and told the dispatcher that he had some guns and felt suicidal.  He also called several friends and informed them he was armed.  Defendant re-entered Viall's car, which still contained the guns, and drove toward his girlfriend's house.  A state trooper stopped defendant on the highway and an altercation occurred that led to defendant's arrest.

The trial court found defendant guilty of three counts of larceny of a firearm; one for each firearm.  Similarly, the trial court found defendant guilty of possession of a firearm by a felon and returned three additional convictions.  The trial court sentenced defendant to two years in prison, suspended, for each larceny conviction and five years in prison for each possession conviction, with the sentences for two of the three possession convictions suspended.  Defendant's appeal followed.

## Sufficiency of the Evidence

We hold that the trial court did not err by finding the evidence sufficient to prove defendant intended to commit larceny of a firearm. Code § 18.2-108.1(1) prohibits "simple larceny of a firearm not from the person."[1] Because larceny is not defined by statute, we look to the common-law to establish the elements of the offense. "Larceny is the wrongful taking of the goods of another without the owner's consent and with the intention to permanently deprive the owner of possession of the goods." Bright v. Commonwealth, 4 Va. App. 248, 251, 356 S.E.2d 443, 444 (1987) (citing Dunlavey v. Commonwealth, 184 Va. 521, 524, 35 S.E.2d 763, 764 (1945)). "Intent is the purpose formed in a person's mind which may, and often must, be inferred from the facts and circumstances in a particular case." Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979). Defendant asserts that the circumstances do not support the inference that he intended to permanently deprive Viall of his guns when he took them. Upon a review of the evidence, we disagree.

Defendant claims that Viall told him to "get rid of the guns" as he passed his keys to defendant, yet neither the arresting officer nor Viall himself remembers this statement. Defendant further claims he took the three firearms in order to

---

[1]The language under which defendant was convicted was deleted from Code § 18.2-108.1(1) and added to Code § 18.2-95(iii) in 1998.

- 4 -

prevent their discovery by the police. Yet he left behind a crate full of weapons in the house. If his true intent was to protect Viall by disposing of the weapons, this purpose was not served by taking only a few. When defendant was asked why he only took three weapons, leaving the balance behind, he responded, "Not my problem." These facts support the conclusion that defendant's intent was felonious.

The fact that defendant later informed the police that he possessed the weapons does not relieve him of culpability. Intent is gauged at the moment the crime is complete, not at some later time when feelings of remorse or fear lead the perpetrator to confess his wrongdoing. See Welch v. Commonwealth, 15 Va. App. 518, 524 n.4, 425 S.E.2d 101, 106 n.4 (1992) ("'When one wrongfully takes property of another with intent to deprive the owner thereof, larceny is complete, though the accused afterwards abandons it.'" (quoting Slater v. Commonwealth, 179 Va. 264, 267, 18 S.E.2d 909, 911 (1942))). In these circumstances, the trial court was entitled to infer defendant maintained the requisite intent when he took the weapons. Because that finding is supported by the evidence, we affirm it.

### Single Larceny Doctrine

A series of larcenous acts will be considered a single count of larceny if they "are done pursuant to a single impulse and in execution of a general fraudulent scheme." West v. Commonwealth, 125 Va. 747, 754, 99 S.E. 654, 656 (1919). We must consider the following factors when deciding whether the single larceny

doctrine applies: (1) the location of the items taken, (2) the lapse of time between the takings, (3) the general and specific intent of the taker, (4) the number of owners of the items taken and (5) whether intervening events occurred between the takings. See Richardson v. Commonwealth, 25 Va. App. 491, 497, 489 S.E.2d 697, 700 (1997).  "The primary factor to be considered is the intent of the thief . . . ."  See id.

We hold that defendant's actions fall within the scope of the single larceny doctrine.  The weapons were located within a few feet of each other.  There was no appreciable lapse of time between the takings, only time enough for defendant to step from the closet, to the dresser and then to the headboard of the bed. Defendant's intent, as we have decided, was to steal the weapons, but there is no indication he formed this intent separately for each item.  Rather, his actions show he was motivated by one compulsion to steal.  A single person owned all three guns, and the record does not reveal that any intervening events took place between the takings.  This case presents an archetypal example of the circumstances underlying the single larceny doctrine.

The Commonwealth argues that larcenies under Code § 18.2-108.1(1) should be exempt from application of the single larceny doctrine.  The Commonwealth asserts that the General Assembly distinguished the crime of larceny of a firearm from common-law larceny and thus, it would be improper to apply the common-law doctrine to a prosecution arising under Code

§ 18.2-108.1(1).  We find the Commonwealth's argument unpersuasive.

"The common law of England, insofar as it is not repugnant to the principles of the Bill of Rights and Constitution of this Commonwealth, shall continue in full force within the same, and be the rule of decision, except as altered by the General Assembly."  Code § 1-10.  "Although the General Assembly can abrogate the common law, its intent to do so must be plainly manifested."  Wackwitz v. Roy, 244 Va. 60, 65, 418 S.E.2d 861, 864 (1992) (citations omitted).  An examination of Code § 18.2-108.1(1) reveals no such intent.[2]  The statute did nothing more than make the punishment for larceny of a firearm more severe than that for petit larcenies in general.  See Code § 18.2-96.  The definition of larceny remains unaffected, as it is in other provisions of Chapter 18.2 addressing larceny.  The Commonwealth has cited no case, nor can we find one, which treats larceny of a firearm as anything other than common-law larceny.  Indeed, the recent inclusion of the offense with other larcenies under Code § 18.2-95 militates against that conclusion.  We hold

---

[2]At the time defendant was convicted, Code § 18.2-108.1, read:

Notwithstanding the provisions of Code § 18.2-96 or § 18.2-108:
  1. Any person who commits simple larceny of a firearm not from the person shall be guilty of a Class 6 felony.
  2. Any person who buys or receives a firearm from another person or aids in concealing a firearm, knowing that the firearm was stolen, shall be guilty of a Class 6 felony and may be proceeded against although

that the single larceny doctrine may be applied to larceny of a firearm.  Accordingly, we affirm one conviction for larceny of a firearm and reverse and dismiss the remaining larceny convictions.

## Single Possession Doctrine

Defendant lastly asserts the trial court erred by ruling that possession by a convicted felon of two or more firearms at the same time and place constitutes multiple violations of Code § 18.2-308.2.  He asserts that Code § 18.2-308.2 should be interpreted to provide for only one conviction in the circumstances of the instant case.  We agree.

"When considering multiple punishments for a single transaction, the controlling factor is legislative intent." Kelsoe v. Commonwealth, 226 Va. 197, 199, 308 S.E.2d 104, 104 (1983) (citing Missouri v. Hunter, 459 U.S. 359 (1983); Cartwright v. Commonwealth, 223 Va. 368, 288 S.E.2d 491 (1982)). The language of the statute provides little indication of the General Assembly's intent.  The statute makes it unlawful for "any person who has been convicted of a felony . . . to knowingly and intentionally possess or transport any firearm."[3]  We hold

_____

the principal offender is not convicted.

[3]The full text of Code § 18.2-308.2(A) reads:

> It shall be unlawful for (i) any person who has been convicted of a felony or (ii) any person under the age of twenty-nine who was found guilty as a juvenile fourteen years of age or older at the time of the offense of a delinquent act which would be a felony if committed by an adult, whether such

that the word "any" preceding the object of the offense, "firearm," creates an ambiguity. While no appellate court of the Commonwealth has addressed this issue, many other jurisdictions have. All are in agreement that "it is impossible to decipher whether the word 'any' is intended to include the possession of a firearm or ammunition as a singular activity or as a 'plural activity.'" State v. Auwae, 968 P.2d 1070, 1079 (1998). See also United States v. Rosenbarger, 536 F.2d 715, 721 (6th Cir. 1976); Hill v. State, 711 So.2d 1221, 1223 (1998). Where such an ambiguity exists and no legislative intent is apparent, we must look to the "gravamen of the offense" and establish the unit of prosecution by which the state may assess punishment. See Shears v. Commonwealth, 23 Va. App. 394, 401, 477 S.E.2d 309, 312 (1996).

We took up the first of these issues in Jones v. Commonwealth, 16 Va. App. 354, 429 S.E.2d 615 (1993), aff'd en banc, 17 Va. App. 233, 436 S.E.2d 192 (1993). In Jones, we were asked whether a BB projection gun was a "firearm" for purposes of

_____

conviction or adjudication occurred under the laws of this Commonwealth, or any other state, the District of Columbia, the United States or any territory thereof, to knowingly and intentionally possess or transport any firearm or to knowingly and intentionally carry about his person, hidden from common observation, any weapon described in § 18.2-308 A. A violation of this section shall be punishable as a Class 6 felony. Any firearm or any concealed weapon possessed, transported or carried in violation of this section shall be forfeited to the

Code § 18.2-308.2.  In order to dispose of the question, we were required to examine the purpose and policy that supported the criminalization of this possession offense.  We held that "[t]he statute does not seek to protect the public from fear of harm caused by the display of weapons; rather, it is concerned with preventing a person, who is known to have committed a serious crime in the past, from becoming dangerously armed, regardless of whether that person uses, displays, or conceals the firearm."  Id. at 358, 429 S.E.2d at 617.  It is the "real threat of harm" that an armed felon might wreak which justified enactment of Code § 18.2-308.2.  Id. at 357, 429 S.E.2d at 616.  See also Mayhew v. Commonwealth, 20 Va. App. 484, 491, 458 S.E.2d 305, 308 (1995) ("possession of firearms by felons presents a high risk of harm to others").

If the possession of a firearm by a felon is, of itself, the dangerous act, the number of weapons with which a felon is armed becomes irrelevant.  Whether the felon bears one or one hundred firearms, the felon is "dangerously armed."  The critical distinction would then lie in the dangerousness of the weapon possessed, which underpinned our decision in Jones.

Upon consideration of the purposes of Code § 18.2-308.2 and being mindful that "penal statutes must be strictly construed against the Commonwealth and applied only in those cases clearly falling within the language of the statute," Branch v.

_____

Commonwealth and disposed of as provided in § 18.2-310.

Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992), we hold that when defendant possessed the firearms, he committed a single offense under Code § 18.2-308.2, not three.  In so holding, we follow "[t]he general rule . . . that when a convicted felon acquires two or more firearms in one transaction and stores and possesses them together, he commits only one offense."  United State v. Mullins, 698 F.2d 686, 687 (4th Cir. 1983).  See also Rosenbarger, 536 F.2d at 721; United States v. Kinsley, 518 F.2d 665 (8th Cir. 1975).  When defendant seized the three firearms at issue he became dangerous, perhaps inordinately so, but we cannot say the purposes of Code § 18.2-308.2 are better served by three punishments rather than one.

In summary, we hold that the evidence was sufficient to support defendant's conviction for larceny of a firearm but the trial court erred by thrice convicting defendant of larceny of a firearm and possession of a firearm by a felon.  Accordingly, we affirm one conviction of larceny of a firearm and one conviction of possession of a firearm by a felon and reverse and dismiss the remaining convictions.  We remand the affirmed convictions to the trial court for re-sentencing in accordance with the decision of this panel.

> Affirmed in part, reversed in part, dismissed in part and remanded.