# CIRCUIT COURT OF THE CITY OF WINCHESTER

Commonwealth of Virginia

v.

Manley I. Nelson

October 15, 1999

Case No. (Criminal) No. 98-184

BY JUDGE JOHN E. WETSEL, JR.

I have considered the defendant's motion for an acquittal of the forgery charge and the authorities submitted in support of that motion. Upon consideration, I have decided to grant the defendant's motion.

Forgery is a common law crime. Also there is a penal statute, and, like all penal statutes, it must be strictly construed against the Commonwealth and applied only in those cases clearly falling within the language and intent of the statute. *Acey v. Commonwealth*, 29 Va. App. 240, 511 S.E.2d 429 (1999).

Not all forged documents give rise to potential criminal prosecution. For example, a forged school absence excuse or a love letter cannot be the premise for a forgery prosecution. In Groot, *Criminal Offenses and Defenses in Virginia*, p. 240 (4th ed. 1998), the author discusses the character of the document upon which forgery prosecutions may be based and states:

> To determine if a writing is one "to the prejudice of another" its character must first be examined. *Only a writing which purports to create or avoid some [legal] liability qualifies.* Thus a false letter of introduction cannot be a forgery because it does not obligate anyone.

Referring to *Foulkes v. Commonwealth*, 41 Va. (2 Rob.) 836 (1843). (Emphasis added.)

Since a letter of introduction cannot be a premise for forgery, because it does not obligate anyone, by similar logic, a letter transmitting a contract

cannot be the subject of a forgery indictment, because it creates no liability. The requirement that the writing allegedly forged create or avoid a legal liability is the reason that so many forgery statutes have been promulgated making it a crime to forge certain documents which otherwise would not be a premise for forgery. *See, e.g.* Virginia Code § 18.2-162 (forgery of public records); and Virginia Code § 24.2-1012 (forgery in voting).

Not all chicanery is punishable criminally, and that is the reason that there are civil remedies afforded to individuals who may be injured by the fraud or deceit of some person and the attendant potential for punitive damages. For the foregoing reasons, I am granting the defendant's motion to dismiss the forgery indictment, Winchester Criminal Docket No. 184.

Counsel for the defendant is directed to prepare an order dismissing the indictment on the merits with prejudice.