COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Benton and Clements
Argued at Chesapeake, Virginia


CLARENCE M. COLLINS

                                    MEMORANDUM OPINION* BY
v.    Record No. 2698-99-1          JUDGE JAMES W. BENTON, JR.
                                        DECEMBER 19, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                     E. Everett Bagnell, Judge

          David J. Whitted, Assistant Public Defender,
          for appellant.

          Donald E. Jeffrey, III, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     The trial judge convicted Clarence Collins of two counts of

larceny, both of which are a third or subsequent larceny

conviction. See Code § 18.2-104. Collins contends the evidence

was insufficient to support the convictions. We affirm the

judgments.

                              I.

     At trial, Rebecca Smith, manager of the Family Dollar Store,

testified that Collins walked to the perfume counter at her store

and removed four bottles of cologne from a shelf. She saw Collins

return two of the bottles to the shelf and put two bottles in his

─────────────────────────
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

pocket.  Smith was standing about six feet from Collins and watched Collins leave the store.  She followed Collins out of the store, approached him on the sidewalk, and asked him if he had anything that belonged to the store.  Collins responded, "no," and walked away.  Smith returned to the store and walked toward the back door, where she observed Collins carrying a bag under his arm and walking toward the Be-Lo Grocery Store.  She testified that the bag appeared to be a Be-Lo bag.

Lisa Johnson, an employee of the Be-Lo store, testified that she was preparing to leave work at 3:00 p.m. that same day when she saw a man, who was wearing a camouflage jacket, put a package of meat inside his pocket.  Standing approximately thirty or forty feet from the man, Johnson called Fred Moore, the assistant store manager.  When Moore arrived at the front of the store, Johnson told him what she had seen.  Although she had lost track of the man for several seconds, she pointed to the man as she spoke to Moore.  When Johnson testified in court, she was unable to identify the man she had seen concealing the meat.

Moore testified that Johnson informed him that a man had put meat in his jacket and pointed to the man.  Moore approached the man outside of the store and asked him if he had taken anything from the store.  He identified Collins in court as the person he approached.  Without responding to Moore's question, Collins ran and outdistanced Moore as Moore pursued him.  After searching a short period of time, Moore again saw Collins.  Moore approached

-

Collins and noticed that he had a Be-Lo bag, which contained items from the Family Dollar Store. Moore asked to see Collins' receipt for the items in the bag. Collins responded that "it [was] none of [Moore's] damn business" and ran again.

Moore signaled a police officer entering the parking lot and gave him a description of Collins. The officer found Collins and detained him. Although Collins had five to six empty Be-Lo bags in his back pocket, he did not then have the bag containing merchandise. Collins also was not wearing the camouflage jacket.

Seeing that Collins did not have the bag of merchandise, Moore and Michael Mainello, the Be-Lo manager, searched for it. Approximately seventy to eighty yards away from where Collins was standing with the officer, Moore and Mainello found a bag containing a pack of chicken, chicken salad, and cheese from Be-Lo. In addition, the bag contained shoes and cologne from the Family Dollar Store.

Smith later identified merchandise the officer showed her as merchandise belonging to the Family Dollar Store. Most of the merchandise still had Family Dollar price stickers. When Smith was talking to the officer, she identified Collins as the same person she had seen in the Family Dollar Store.

The trial judge convicted Collins of two counts of larceny as third or subsequent offenses. He sentenced Collins to five years in prison on each charge, with three years suspended on each charge, for an active jail sentence of four years.

-

II.

"In every criminal prosecution the Commonwealth must establish beyond a reasonable doubt all elements of the offense and that the accused did commit it."  Harward v. Commonwealth, 5 Va. App. 468, 470, 364 S.E.2d 511, 512 (1988).  Larceny, a common law offense in Virginia, "'is the wrongful taking of the goods of another without the owner's consent and with the intention to permanently deprive the owner of possession of the goods.'"  Acey v. Commonwealth, 29 Va. App. 240, 246, 511 S.E.2d 429, 431 (1999) (citation omitted).

"[W]hen considering the sufficiency of the evidence on appeal of a criminal conviction, we must view all the evidence in the light most favorable to the Commonwealth and accord to the evidence all reasonable inferences fairly deducible therefrom."  Clarke v. Commonwealth, 32 Va. App. 286, 300, 527 S.E.2d 484, 491 (2000) (citations omitted).  "Direct evidence is evidence that, if believed [by the trier of fact], resolves a matter in issue."  Floyd v. Commonwealth, 31 Va. App. 193, 198, 522 S.E.2d 382, 384 (1999).

Smith's testimony was sufficient to prove beyond a reasonable doubt that Collins was in the Family Dollar Store, put two bottles of cologne in his pocket, and left the store without paying for the merchandise.  Likewise, Johnson's testimony was sufficient to prove beyond a reasonable doubt that the man, whom Moore identified as Collins, put meat in his coat inside the Be-Lo store

-

and went outside the store.  Moore's testimony proved that Collins did not pay for the meat.

The testimony of Moore and Mainello that the bag of merchandise was found a block away from the Be-Lo store and seventy yards from the place Collins was detained is circumstantial evidence that corroborates the direct evidence of Collins' theft of the merchandise.  Indeed, Moore testified that he had earlier confronted Collins while he was carrying the bag of merchandise.

In summary, the direct evidence alone was sufficient to prove beyond a reasonable doubt all the elements of larceny including the identity of Collins as the thief.  The Commonwealth proved that Collins took the items wrongfully and impermissibly from the stores with the requisite intent.  The circumstantial evidence supplemented this direct evidence in a manner sufficient to cure any conceivable deficiency in the direct evidence.

Accordingly, we affirm the convictions.

<u>Affirmed</u>.

-