# CIRCUIT COURT OF ROCKINGHAM COUNTY

Commonwealth of Virginia

v.

Lewis H. Bechtler

Case Nos. 23759 & 23760

Commonwealth of Virginia

v.

Karl W. Channell

Case Nos. 23761 & 23762

May 25, 2001

BY JUDGE JAMES V. LANE

On May 21st counsel argued and submitted memorandums in support of their motions to dismiss the indictments against Karl W. Channell and Lewis H. Bechtler, which cases have been joined for trial on June 4, 2001. Upon consideration of the matter, I have decided to grant the defendants' motions. The defendants were indicted for violations of § 18.2-169 and § 18.2-152.14 of the Code of Virginia, 1950, as amended. Section 18.2-169 states as follows:

> If any person forge, or keep or conceal any instrument for the purpose of forging, the seal of the Commonwealth, the seal of a court, or of any public office, or body politic or corporate in this Commonwealth, he shall be guilty of a Class 4 felony.

Both defendants were also charged with violation of § 18.2-152.14, which states as follows:

The creation, alteration, or deletion of any computer data contained in any computer or computer network, which if done on a tangible document or instrument would constitute forgery under Article 1 (§ 18.2-168 *et seq.*) of Chapter 6 of this Title, will also be deemed to be forgery. The absence of a tangible writing directly created or altered by the offender shall not be a defense to any crime set forth in Article 1 (§ 18.2-168 *et seq.*) of Chapter 6 of this Title if a creation, alteration, or deletion of computer data was involved in lieu of a tangible document or instrument.

The Commonwealth's basis for charging violation of these two statutes arises from defendants' alleged processing and production of facsimile or simulated driver's licenses. It is well established in Virginia that all penal statutes must be strictly construed against the Commonwealth and applied only in those cases clearly falling within the language and intent of the statute. See *Acey v. Commonwealth*, 29 Va. App. 240, 511 S.E.2d 429 (1999). Applying this strict construction to both statutes, it is clear that these cases do not fall within the language and intent of either statute.

With regard to the alleged violation of § 18.2-169, the facsimile of the seal of the Commonwealth of Virginia is displayed on Virginia drivers' licenses. The defendants argue that there must actually be a forgery of the official seal of the Commonwealth of Virginia as defined in Title 7.1 of the Code of Virginia. Under Virginia Code § 7.1-26 the great seal of the Commonwealth of Virginia is described in great detail indicating that it consists of two metallic discs with an obverse and reverse side. Section 7.1-27 describes the lesser seal of the Commonwealth which states that it "shall be one and nine sixteenths inches in diameter, and have engraved thereon the device and inscriptions contained in the obverse of the great seal." It is the opinion of the Court that the image of the seal of the Commonwealth of Virginia on Virginia drivers' licenses is merely a representation of the seal of the Commonwealth, and, in fact, does not constitute the actual seal of the Commonwealth as described in Virginia Code § 18.2-169 and defined in Virginia Code § 17.1-26 and § 17.1-27.

Since the alleged violation of § 18.2-152.14 is predicated upon an underlying conduct that would be considered forgery, Indictment No. 2 also must be dismissed with regard to both defendants. The Legislature has obviously expressed its intent with the adoption of § 18.2-204.2 of the Virginia Code with specific reference to the actions, which were allegedly committed by the defendants in these cases.

Counsel for each defendant are directed to prepare an order dismissing Indictments Nos. 1 and 2 on the merits with prejudice.