COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Frank and Humphreys
Argued at Chesapeake, Virginia


STEVEN LAMONT JOEL SCOTT

                                        OPINION BY
v.    Record No. 1787-00-2        JUDGE ROBERT J. HUMPHREYS
                                         JULY 31, 2001
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                Paul M. Peatross, Jr., Judge

          S. Jane Chittom, Appellate Defender (Public
          Defender Commission, on briefs), for
          appellant.

          Marla Graff Decker, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Steven Lamont Joel Scott appeals his conviction, after a

bench trial, of two counts of obtaining a credit card from

Hubert Hopkins, with the intent to use, transfer or sell it, and

one count of petit larceny.  Scott contends the trial court

erred in refusing to grant his motion to merge the three charges

of larceny into a single count of larceny pursuant to the single

larceny doctrine.[1]

---

[1] Scott was also convicted of one count of possession of
burglarious tools, one count of possession of cocaine, and an
additional count of credit card theft involving a different
victim.  However, no issues have been raised on appeal as to
these convictions.

## I.  Background

On the afternoon of August 7, 1998, Hubert Hopkins observed Scott going through Hopkins' gym locker at the Atlantic Coast Athletic Club in Albemarle County.  After Scott left the room, Hopkins checked his personal property inside the locker and determined that cash and two credit cards were missing from his wallet.  Hopkins found Scott and confronted him about the incident.  Scott then returned $95 in cash to Hopkins, but not the credit cards.  Hopkins notified the athletic club manager of the incident.  The manager also confronted Scott, and Scott then returned Hopkins' two credit cards.

After investigating the incident, the police determined that Scott had stolen several credit cards from other individuals.  Scott told police he "normally" goes to different health clubs and takes items from gym lockers.  He also told police he committed the thefts in order to support his cocaine habit.  Scott was subsequently charged with two counts of taking a credit card or credit card number, in violation of Code § 18.2-192, as well as one count of petit larceny for taking cash in an amount less than $200.

Prior to trial, Scott filed a motion to dismiss or merge indictments, alleging that the three indictments for "larceny" should be merged because "[u]nder Virginia law the taking of multiple items at the same time constitutes an indivisible offense, that is, a single larceny."  The Commonwealth claims

-

that, in support of this motion, Scott argued only double
jeopardy concerns during the hearing on the motion and did not
raise an argument concerning the single larceny doctrine.  The
trial court denied Scott's motion, ruling that the taking of the
credit cards under Code § 18.2-192 represented separate
statutory offenses for the taking of each card and that petit
larceny is not a lesser-included offense of taking a credit
card.

## II.  Analysis

The Commonwealth first argues that Scott's appeal is barred
by Rule 5A:18 because in the trial court, Scott only argued
double jeopardy as a basis for his motion.  However, Scott's
written motion specifically referred to the single larceny
doctrine.  In addition, Scott's written motion cited case law
referencing the single larceny rule.  Thus, we find that Scott
properly preserved both the alleged error and the grounds
therefor.

> Whether the larceny of multiple items at or
> about the same time from the same general
> location constitutes a single larceny or
> multiple offenses is an issue that most
> courts have addressed early in the
> development of their criminal jurisprudence.
> The concept is commonly referred to as the
> "single larceny doctrine."  The principles
> are easily stated and understood, but
> application of the doctrine becomes
> problematic when applied to the infinite
> variety of circumstances that can arise.

-

_Richardson v. Commonwealth_, 25 Va. App. 491, 495, 489 S.E.2d 697, 699 (1997) (en banc) (citations omitted).

Accordingly, we have recognized that "[a] series of larcenous acts will be considered a single count of larceny if they are done pursuant to a single impulse and in execution of a general fraudulent scheme." _Acey v. Commonwealth_, 29 Va. App. 240, 247, 511 S.E.2d 429, 432 (1999). In determining whether this doctrine applies, we consider the following factors: "(1) the location of the items taken, (2) the lapse of time between the takings, (3) the general and specific intent of the taker, (4) the number of owners of the items taken and (5) whether intervening events occurred between the takings. The primary factor to be considered is the intent of the thief . . . ." _Id._ (citations omitted).

Nevertheless, we have only applied this doctrine to those statutory offenses for which we can ascertain no intent by the legislature to abrogate the theory of common law larceny. _See id._ at 248-49, 511 S.E.2d at 432-33 (applying the single larceny doctrine to larceny of a firearm, finding no intent on the part of the legislature in enacting Code § 18.2-108.1(1) to abrogate common law larceny); _see also Millard v. Commonwealth_, 34 Va. App. 202, 206, 539 S.E.2d 84, 86 (2000) (applying the single larceny doctrine to obtaining money or signature by false pretenses, finding no manifest intent by the legislature in Code § 18.2-178 to abrogate common law larceny).

-

Here, we have a different case.  Scott was charged with two counts of obtaining a credit card, with the intent to use, transfer or sell it, in violation of Code § 18.2-192.  As we have recognized, "[t]he common law of England, insofar as it is not repugnant to the principles of the Bill of Rights and Constitution of this Commonwealth, shall continue in full force within the same, and be the rule of decision, except as altered by the General Assembly."  Code § 1-10.  Thus, "[a]lthough the General Assembly can abrogate the common law, its intent to do so must be plainly manifested."  Acey, 29 Va. App. at 248, 511 S.E.2d at 432.  We find such intent clear in the case of the statutory offense of credit card theft.

> At common law, choses in action were not the subject of larceny.  Bank notes, checks and other writings and papers of value were not the subject of larceny at common law.  However, the taking of the paper on which they were written could be larceny.  A credit card is any instrument or device . . . issued . . . by an issuer for the use of the cardholder in obtaining money, goods, services, or any other thing of value.  A credit card is a token of credit extended to the cardholder.  Thus, at common law only the card itself, not the line of credit it represented, could be the subject of larceny.  The same limitation applie[d] under Code § 18.2-95.

Owolabi v. Commonwealth, 16 Va. App. 78, 80-81, 428 S.E.2d 14, 15-16 (1993) (citations omitted).

Code § 18.2-192 states that the taking of a credit card or a credit card number will be deemed credit card theft.  Thus,

-

the legislature clearly manifested an intent to abrogate the common law prohibition against the credit card as being properly the subject of larceny, beyond the negligible value of the token itself.

Scott correctly contends that Code § 18.2-192 establishes that credit card theft will be punished as grand larceny pursuant to Code § 18.2-95. However, this portion of Code § 18.2-95 does not convert the statute into a mere reiteration of common law larceny. Indeed, as we have explained above, the legislature, in enacting Code § 18.2-192, created a very distinct offense, different from and in abrogation of, the common law offense of larceny. Accordingly, we hold that the single larceny doctrine does not apply to offenses charged under this code section.

We also find that the trial court correctly determined that the charge for petit larceny was not a lesser-included offense of taking a credit card or credit card number pursuant to Code § 18.2-192.

In pertinent part, Code § 18.2-192 provides:

> (1) A person shall be guilty of credit card or credit card number theft when:
>
> (a) He takes, obtains or withholds a credit card or credit card number from the person, possession, custody or control of another without the cardholder's consent.
>
> The taking must be with the intent to use, sell, or transfer the card to a person other than the issuer or the cardholder. Larceny

-

> is the wrongful taking of the goods of another without the owner's consent and with the intention to permanently deprive the owner of possession of the goods. Code § 18.2-96 determines the monetary value which constitutes petit larceny. A comparison of the elements discloses that petit larceny is not a lesser included offense of a violation of Code § 18.2-192. Larceny requires proof of an intent to permanently deprive while § 18.2-192 requires only an intention to use, sell or transfer. Thus, every conviction under Code § 18.2-192 would not necessarily result in a conviction of petit larceny.

Darnell v. Commonwealth, 12 Va. App. 948, 954-55, 408 S.E.2d 540, 543-44 (1991) (citations omitted). Thus, we affirm the judgment of the trial court.

Affirmed.