COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Clements and Agee


THOMAS WAYNE CLAY

                                         OPINION BY
v.   Record No. 2186-00-3       JUDGE JEAN HARRISON CLEMENTS
                                        SEPTEMBER 25, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                      Charles J. Strauss, Judge

            (Jesse W. Meadows, III, on brief), for
            appellant.  Appellant submitting on brief.

            (Mark L. Earley, Attorney General; Eugene
            Murphy, Assistant Attorney General, on
            brief), for appellee.  Appellee submitting on
            brief.


     Thomas Wayne Clay was convicted in a bench trial of three

counts of possession of a firearm with altered serial numbers,

in violation of Code § 18.2-96.1.[1]  The sole issue on appeal is

whether the trial court properly convicted Clay of three

separate counts of possession of a firearm with an altered

serial number.  Finding no error, we affirm the judgment of the

trial court.

                            BACKGROUND

     Under well-settled principles of appellate review, we

examine the evidence and all reasonable inferences fairly

---

[1] Clay was also convicted on pleas of guilty to statutory
burglary, in violation of Code § 18.2-91, and grand larceny, in
violation of Code § 18.2-95.

deducible therefrom in the light most favorable to the Commonwealth, the prevailing party below. Burlile v. Commonwealth, 32 Va. App. 796, 798, 531 S.E.2d 26, 27 (2000).

The Commonwealth's evidence was presented by stipulation. No evidence was presented by Clay. The evidence proved that on February 25, 2000, Clay burglarized his neighbor's home and stole six firearms and a box of cash. The victim, suspecting Clay of the burglary and theft, told Clay that the guns were sentimental to him and that he would like to get them back. Clay told the victim that, although he had not stolen the guns, he thought he knew where he could find them.

Prior to March 3, 2000, Clay sold the victim one of the stolen guns. The serial number on that gun had not been altered. On March 3, 2000, Clay sold the victim two more of the stolen guns, including one whose serial number had been altered after the theft, a Ruger Mark I .22 caliber pistol. On March 8, 2000, Clay sold two more of the stolen weapons to the victim, including a BSA .270 caliber rifle whose serial number had been filed off sometime following the theft. On March 9, 2000, the police executed a search warrant on Clay's home and recovered a Smith and Wesson .357 magnum handgun whose serial number had also been removed after the theft.

Clay was charged with three counts of altering the manufacturer's serial number or possessing property so altered, in violation of Code § 18.2-96.1. The offense dates charged in

the indictments were March 3, March 8, and March 9, 2000, respectively. The trial court convicted Clay of three counts of possessing a firearm with an altered serial number, in violation of Code § 18.2-96.1.

ANALYSIS

Code § 18.2-96.1 provides, in pertinent part:

> C. It shall be unlawful for any person to remove, alter, deface, destroy, conceal, or otherwise obscure the manufacturer's serial number . . . from . . . personal property or any part thereof, without the consent of the owner, with intent to render it . . . unidentifiable.
>
> D. It shall be unlawful for any person to possess such personal property or any part thereof, without the consent of the owner, knowing that the manufacturer's serial number . . . has been removed, altered, defaced, destroyed, concealed, or otherwise obscured with the intent to violate the provisions of this section.

Clay contends that, because the three guns whose serial numbers were altered were stolen at the same time during a single incident, with no evidence that their serial numbers were altered on different occasions, he should have been charged with and convicted of only one count of possessing firearms with altered serial numbers. The legislature, Clay argues, did not intend, under the circumstances of this case, that he be punished for three separate offenses. He analogizes his situation to that of a convicted felon who, found in possession of several firearms at the same time and place, is charged with

and convicted of only a single count of possession of a firearm by a convicted felon. See, e.g., Acey v. Commonwealth, 29 Va. App. 240, 249-51, 511 S.E.2d 429, 433-34 (1999).

The Commonwealth contends that, because Clay's possession of firearms with altered serial numbers occurred on three separate occasions and each occasion involved a separate weapon whose serial number had been altered after the theft, the trial court properly convicted Clay of three separate offenses. We agree with the Commonwealth.

Although not identified as such in his argument, we conclude that Clay is asking us to apply the "single possession doctrine" to the facts before us. We recognized the "single possession doctrine" in Acey, wherein we held that Acey, a convicted felon who possessed three firearms at the same time and place, committed a single offense under Code § 18.2-308.2, rather than three separate offenses. Id. at 251, 511 S.E.2d at 434. "In so holding, we follow[ed] '[t]he general rule . . . that when a convicted felon acquires two or more firearms in one transaction and stores and possesses them together, he commits only one offense.'" Id. (quoting United States v. Mullins, 698 F.2d 686, 687 (4th Cir. 1983)). Where, however, the evidence establishes that multiple firearms were separately possessed at different times, the rule does not apply and separate possession offenses exist. See United States v. Dunford, 148 F.3d 385, 390 (4th Cir. 1998); Mullins, 698 F.2d at 687.

For purposes of this appeal, we assume, without deciding, that the "single possession doctrine" applies to Code § 18.2-96.1(D). Here, the evidence proved that Clay burglarized the victim's home and stole six firearms in a single larcenous transaction. However, Clay was found in possession of the three subject guns with altered serial numbers at different times. The altered Ruger pistol was found in his possession on March 3, 2000. The altered BSA rifle was found in Clay's possession on March 8, 2000. Lastly, the altered Smith and Wesson handgun was found in his possession on March 9, 2000. At none of those times was Clay found to be in possession of more than one of the three altered guns. Furthermore, Clay concedes the serial numbers on the stolen guns were altered after he stole them on February 25, 2000.

Because the evidence supports the finding that Clay separately possessed the three firearms with altered serial numbers at different times, we conclude that the "single possession doctrine" has no applicability here. "Thus, each distinguishable incident of the offending conduct constitutes a 'unit of prosecution' for violation of the statute." Shears v. Commonwealth, 23 Va. App. 394, 401, 477 S.E.2d 309, 312 (1996). Hence, we hold that the trial court did not err in convicting

Clay of three separate counts of possession of a firearm with an altered serial number.

Accordingly, we affirm Clay's convictions.

<u>Affirmed.</u>