COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Humphreys
Argued by teleconference


THOMAS A. WYANT

MEMORANDUM OPINION[*] BY
v.    Record No. 1496-01-2        JUDGE RICHARD S. BRAY
JUNE 11, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ORANGE COUNTY
Daniel R. Bouton, Judge

Bonnie J. Lepold (Snook & Haughey, P.C., on
brief), for appellant.

Kathleen B. Martin, Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellee.


Thomas A. Wyant (defendant) was convicted in a bench trial of

two counts of possession of a firearm after having been convicted

of a violent felony, violations of Code § 18.2-308.2.  On appeal,

he contends that possession of the "same firearm" in the "same

jurisdiction," albeit on two separate occasions, constitutes one

"continuous" offense and, therefore, the convictions constituted

"multiple punishments for the same offense," a violation of the

prohibition against double jeopardy.  However, because defendant

has failed to provide a record sufficient to permit proper

appellate review, we dismiss the appeal.

_____

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts essential to a disposition of the appeal.

I.

The record discloses that, on the evening of March 29, 2000, defendant, a previously convicted felon, robbed George's Crossroad Market and Deli in Orange County.  In committing the offense, defendant, accompanied by his cousin, Chad Wyant, entered the store, placed a gun "directly at [George Gordon's] face" and demanded he "empty [his] register."  Gordon surrendered "approximately three hundred dollars" to defendant and the two robbers "left the store."

Approximately a month thereafter, on the evening of April 26, 2000, defendant entered Spencer's Market, also in Orange County, "threw a brown bag up on the counter," "showed [the store clerk] the gun," and demanded "[her] money."  When the clerk stated "[she] didn't have any money," defendant "grabbed his bag" and "left the store."

As a result of the two offenses, the Commonwealth obtained the instant indictments against defendant, alleging, inter alia, that he, "a person having been convicted of a violent felony[,] . . . did unlawfully, feloniously, knowingly and intentionally possess, or transport a firearm" in violation of Code § 18.2-308.2.

-

Prior to trial on the indictments, defendant filed a "Motion to Consolidate [the two] Counts" into one, arguing "[p]ossession of a [f]irearm by a [c]onvicted [f]elon" is an "inherently continuous offense[]."  Following a related hearing on December 4, 2000,[1] the court denied the motion and proceeded with trial, resulting in the subject convictions and appeal.

II.

The Commonwealth contends defendant is procedurally barred from arguing for the first time on appeal that the convictions violated the prohibition against double jeopardy.  Defendant counters that his "Motion to Consolidate Counts," which cited Acey v. Commonwealth, 29 Va. App. 240, 511 S.E.2d 429 (1999), and Blockburger v. United States, 284 U.S. 299 (1932), together with the arguments made in support of the motion at the December 4, 2000 hearing, sufficiently presented the issue to the trial court.  He further contends the point was preserved by renewed objections during the trial.  We disagree.

> [O]n appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of.  If the appellant fails to do this, the judgment will be affirmed.

---

[1] By order dated November 9, 2001, we denied defendant's motion to enlarge the instant record to include a transcript of the December 4, 2000 hearing.

-

Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961) (citations omitted); see White v. Morano, 249 Va. 27, 30, 452 S.E.2d 856, 858 (1995) (citation omitted). "We . . . act only upon facts contained in the record" provided on appeal and "cannot base [our] decision upon [defendant's] petition or brief, or statements of counsel in open court." Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) (citation omitted).

"The transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the trial court within 60 days after entry of the final judgment," provided an appellant otherwise complies with Rule 5A:8. Rule 5A:8(a). "In lieu of a transcript, a written statement of facts, testimony, and other incidents of the case" becomes a part of the record when filed and approved in accordance with Rule 5A:8(c). Rule 5A:8(c). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b); see Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986).

Our review of the instant appeal clearly discloses that either a transcript of the proceedings on December 4, 2000 or a written statement of facts is "indispensable to the

-

determination of the case." Turner, 2 Va. App. at 99, 341 S.E.2d at 402. However, the record before us is deficient in each respect. Accordingly, "we must dismiss the appeal on the ground that the record on appeal is insufficient to fairly and accurately determine the issues presented." Id.

Dismissed.

-