COURT OF APPEALS OF VIRGINIA

Present:   Judges Benton, Elder and Senior Judge Hodges
Argued at Richmond, Virginia


TREVOR DION MOODY

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1395-02-2              JUDGE WILLIAM H. HODGES
                                                    DECEMBER 30, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
Frederick G. Rockwell, III, Judge

William B. Bray (Perry & Bray, on brief), for appellant.

Donald E. Jeffrey, III, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Trevor Moody entered a conditional <u>Alford</u> plea to attempted sexual battery of a

thirteen-year-old boy in violation of Code §§ 18.2-67.3 and 18.2-67.5, preserving the right to appeal

the trial court's denial of his motion to quash and dismiss the indictment.  On appeal, Moody argues

the definition of "complaining witness" found in Code § 18.2-67.10 does not refer to any attempt

crimes, therefore, attempted aggravated sexual battery does not constitute an offense in Virginia.

We disagree and affirm.

Moody was charged with attempted aggravated sexual battery in violation of Code

§§ 18.2-67.3 and 18.2-67.5.  Code § 18.2-67.3 provides in pertinent part:

> An accused shall be guilty of aggravated sexual battery if he or she
> sexually abuses the complaining witness, and
>
> 1.  The complaining witness is less than thirteen years of age, or

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

2. The act is accomplished against the will of the complaining witness, by force, threat or intimidation, or through the use of the complaining witness's mental incapacity or physical helplessness, and

a. The complaining witness is at least thirteen but less than fifteen years of age . . . .

Code § 18.2-67.10, the general definition section, provides in pertinent part:

As used in this article:

1. *"Complaining witness"* means the person alleged to have been subjected to rape, forcible sodomy, inanimate or animate object sexual penetration, marital sexual assault, aggravated sexual battery, or sexual battery.

Code § 18.2-67.5 provides for the punishment of the attempted sexual assault offenses and states in part, "[a]n attempt to commit aggravated sexual battery shall be a felony punishable as a Class 6 felony."

Notwithstanding the provisions of these statutes, appellant contends that the crime of attempted sexual battery does not exist in Virginia. He argues that "[t]he statutory definition of 'complaining witness' does not include, refer to or encompass any attempted crimes." Thus, he argues that "[b]ecause the definition of 'complaining witness' is limited and excludes from its definition the crime of *attempted* aggravated sexual battery, attempted aggravated sexual battery does not constitute a crime or offense under Virginia law." We disagree.

"'An attempt to commit a crime was itself an indictable offense at common law.'" Howard v. Commonwealth, 207 Va. 222, 228, 148 S.E.2d 800, 804 (1966) (citation omitted). "[W]hile the punishments for attempts to commit felonies are fixed by statute . . . what constitutes an attempt must be ascertained from the common law." Johnson v. Commonwealth, 209 Va. 291, 293, 163 S.E.2d 570, 573 (1968). Under the common law, "[i]t is well settled in this jurisdiction that . . . an attempt is an unfinished crime, and is compounded of two elements, the intent to commit the crime and the doing of some direct act towards its consummation, but

falling short of the execution of the ultimate design." Martin v. Commonwealth, 195 Va. 1107, 1110-11, 81 S.E.2d 574, 576 (1954).

> As we have recognized, "[t]he common law of England, insofar as it is not repugnant to the principles of the Bill of Rights and Constitution of this Commonwealth, shall continue in full force within the same, and be the rule of decision, except as altered by the General Assembly." Thus, "[a]lthough the General Assembly can abrogate the common law, its intent to do so must be plainly manifested."

Scott v. Commonwealth, 36 Va. App. 276, 280, 549 S.E.2d 624, 626 (2001) (citations omitted).

The General Assembly enacted a statute that specified the punishment for attempted sexual assault offenses, including attempted aggravated sexual battery. The General Assembly also enacted Code § 18.2-67, which permits for the deposition, in certain circumstances, of a "complaining witness" in cases of both criminal sexual assault and attempted criminal sexual assault. If the General Assembly's intent was to exclude attempt crimes from Code § 18.2-67.3, then it would not have enacted a statute that permits the taking of a deposition of a "complaining witness" in attempted aggravated sexual battery and it would not have enacted a statute that specifies the punishment for attempted aggravated sexual battery. There is no evidence that the General Assembly plainly intended to abrogate the common law attempt offenses when it enacted Code § 18.2-67.3. Accordingly, the crime of attempted aggravated sexual battery does exist in Virginia and the trial court did not err in denying Moody's motion to quash and dismiss the indictment.

Affirmed.