Tuesday                    14th

September, 2004.

In Re:  Samuel Richard Rhodes,                                          Petitioner.

Record No. 1696-04-3

Upon a Petition for a Writ of Actual Innocence

Before Chief Judge Fitzpatrick, Judges Elder and Humphreys

Samuel Richard Rhodes petitions this Court for a Writ of Actual Innocence pursuant to Chapter 19.3 of Title 19.2 of the Code of Virginia.  In support of his request for the writ Rhodes contends Acey v. Commonwealth, 29 Va. App. 240. 511 S.E.2d 429 (1999), an opinion issued by this Court subsequent to his conviction but during his post-conviction relief efforts, should be applied to the facts of his case.  Chapter 19.3 solely allows review of previously unknown or unavailable non-biological *evidence*.  Accordingly, we summarily dismiss Rhodes' petition.

"The principle is well-established that '[w]ords in a statute are to be construed according to their ordinary meaning, given the context in which they are used.'"  7-Eleven, Inc. v. Dep't of Envtl. Quality, 42 Va. App. 65, 73, 590 S.E.2d 84, 88 (*en banc*) (2003) (quoting Grant v. Commonwealth, 223 Va. 680, 684, 292 S.E.2d 348, 350 (1982) (citation omitted).

> "In construing statutes, courts are charged with ascertaining and giving
> effect to the intent of the legislature."  "That intention is initially found in
> the words of the statute itself, and if those words are clear and
> unambiguous, we do not rely on rules of statutory construction or parol
> evidence, unless a literal application would produce a meaningless or
> absurd result."

Williams v. Commonwealth, 43 Va. App. 1, 4-5, 595 S.E.2d 497, 498-99 (2004) (citations omitted).

A plain reading of Code § 19.2-327.10, *et seq.*, makes it clear that the legislature intended this writ to be issued solely upon consideration of newly discovered *evidence* that was not available at the

time of trial but that "is material and when considered with all of the other evidence in the current record, will prove that no rational *trier of fact* could have found proof of guilt beyond a reasonable doubt[.]"  Code § 19.2-327.11.

Rhodes does not ask us to consider new evidence requiring findings of fact.  Evidence is "[s]omething (including testimony, documents and tangible objects) that tends to prove or disprove the existence of an alleged fact . . . ."  Black's Law Dictionary 595 (8th ed. 2004).  A fact is "[a]n actual or alleged event or circumstance, *as distinguished from its legal effect, consequence, or interpretation*."  Id. at 628 (emphasis added).  The plain and obvious reading of the Chapter indicates the legislature's intent that the issuance of a Writ of Actual Innocence be based solely on new findings of fact from newly discovered non-biological evidence.  Nowhere in the Chapter does the Code invite retroactive interpretation and application of the legal effect of decisions of law.  Because Rhodes only advances an argument on the legal effect of Acey in support of his petition, a ground not contemplated by the Code, we summarily dismiss his petition.

The issue addressed herein is of first impression and potential litigants and members of the bar may benefit from the directives herein, the clerk is directed to publish this order.


A Copy,

Teste:

Clerk

-2-