Tuesday                14th

December, 2004.

In Re:  Sidney Terry Joshua,                                Petitioner.

Record No. 2690-04-1

Upon a Petition for a Writ of Actual Innocence

Before Chief Judge Fitzpatrick, Judges Elder and Felton

Sidney Terry Joshua petitions this Court for a Writ of Actual Innocence pursuant to Chapter 19.3 of Title 19.2 of the Code of Virginia.  He contends he is innocent of rape, of which he was convicted in the Circuit Court of the City of Virginia Beach on June 8, 1999.

According to Joshua, the evidence proving his innocence is a certificate of analysis, dated June 5, 1998, stating that "left and right neck swabs" taken from the victim "may be suitable for DNA analysis." Joshua contends he learned on December 20, 2002, during proceedings pursuant to Code § 19.2-327.1 to have the swabs tested, the swabs had been destroyed in December of 1999.  Joshua asserts DNA testing of the now nonexistent swabs would prove his innocence.

To be entitled to a writ of actual innocence pursuant to Chapter 19.3 of Title 19.2, the petitioner must assert the existence of evidence, previously unknown or unavailable to him, that proves "no rational trier of fact could have found proof of guilt beyond a reasonable doubt[.]"  Code § 19.2-327.11(A).  "Evidence is '[s]omething (including testimony, documents and tangible objects) that tends to prove or disprove the existence of an alleged fact . . . .'"  In re Rhodes, 44 Va. App. 14, 15, 602 S.E.2d 408, 409 (2004) (citation omitted).  Joshua's discovery of the destruction of the untested swabs does not constitute evidence proving his innocence.

Moreover, Joshua's claim for relief involves only the unavailability of DNA testing for physical evidence taken from the victim. "Human biological evidence may not be used as the sole basis for seeking relief" under Chapter 19.3 of Title 19.2.

Accordingly, Joshua is not entitled to the writ and his petition is summarily dismissed. Because the issues addressed herein are of first impression and potential litigants and members of the bar may benefit from the directives herein, we direct the Clerk to publish this order.

A Copy,

Teste:

Clerk