Tuesday                    28th

December, 2004.

In Re:  Mario Russell Pierce,                                                                      Petitioner.

Record No. 2530-04-1

Upon a Petition for a Writ of Actual Innocence

Before Chief Judge Fitzpatrick, Judges Elder and Humphreys

Mario Russell Pierce petitions this Court for a Writ of Actual Innocence pursuant to Chapter 19.3 of Title 19.2 of the Code of Virginia.  He contends he is innocent of rape and taking indecent liberties with a child, of which he was convicted in the Circuit Court of the City of Hampton on September 22, 1999.

Pierce maintains evidence proving his innocence would have been contained within a Physical Evidence Recovery Kit (PERK) performed upon the victim by a forensic nurse.  During proceedings pursuant to Code § 19.2-327.1 for biological testing of the PERK materials, the Commonwealth stated that no PERK had been obtained from the victim.  The Commonwealth further stated the vaginal swabs taken from the victim, for purposes of testing for sexually transmitted diseases, had been destroyed on August 4, 2000.

To be entitled to a writ of actual innocence pursuant to Chapter 19.3 of Title 19.2, the petitioner must assert the existence of evidence, previously unknown or unavailable to him, that proves "no rational trier of fact could have found proof of guilt beyond a reasonable doubt[.]"  Code § 19.2-327(A).  "Evidence is '[s]omething (including testimony, documents and tangible objects) that tends to prove or disprove the existence of an alleged fact . . . .'"  In re Rhodes, 44 Va. App. 14, 15, 602 S.E.2d 408, 409

(2004) (citation omitted). Pierce's discovery that no PERK was completed on the victim and that the vaginal swabs had been destroyed does not constitute evidence proving his innocence.

Moreover, Pierce's claim for relief involves only the unavailability of biological testing upon physical evidence taken from the victim. "Human biological evidence may not be used as the sole basis for seeking relief" under Chapter 19.3 of Title 19.2.

Accordingly, Pierce is not entitled to the writ and his petition is summarily dismissed.

Because the issues addressed herein are of first impression and potential litigants and members of the bar may benefit from the directives herein, we direct the Clerk to publish this order.

A Copy,

Teste:

Clerk