PUBLISHED

## VIRGINIA:

*In the Court of Appeals of Virginia on*   **Tuesday**   *the*  **22nd**  *day of*  **October, 2019**.

Ronald Thomas Waller,                                                                                          Petitioner,

 against            Record No. 0659-19-3

Commonwealth of Virginia,                                                                                  Respondent.

Upon a Petition for a Writ of Actual Innocence

Before Judges Petty, Athey and Senior Judge Clements

Ronald Thomas Waller filed a petition with this Court for a writ of actual innocence pursuant to Chapter 19.3 of Title 19.2 of the Code of Virginia.  In support of his petition, Waller contends <u>Toghill v. Commonwealth</u>, 289 Va. 220 (2015), an opinion by the Supreme Court considering the application of <u>Lawrence v. Texas</u>, 539 U.S. 558 (2003), to Virginia's statutory prohibition against sodomy, should be applied retroactively to the facts of his case.  Waller argues that, as a result of <u>Lawrence</u>, <u>Toghill</u> "decriminalized the speech and conduct by Waller that culminated in his felony conviction in 1999." Accordingly, he reasons that because of the change in the law he is entitled to a writ of actual innocence. We disagree.  "Chapter 19.3 solely allows review of previously unknown or unavailable non-biological *evidence*."  <u>In Re:  Rhodes</u>, 44 Va. App. 14, 15 (2004).  Waller's petition fails to allege the existence of any newly discovered evidence.  Accordingly, we summarily dismiss Waller's petition.  <u>See</u> Code § 19.2-327.11(D).

### BACKGROUND

In October 1998, a Roanoke police detective was working undercover in Wasena Park, conducting morals investigations.  As the detective stood in the park near the river, Waller approached from behind, walked past the detective, and stood on a rocky embankment about twenty feet away.  After a moment, the detective walked down the embankment and stood near Waller.  The detective began a casual conversation

with Waller. During the conversation, Waller asked the detective if he wanted to engage in oral sodomy. The detective suggested that they move to "another spot in the park." Once there Waller turned, grabbed the detective, and attempted to unzip the detective's pants. At that time the detective arrested Waller.

A jury convicted Waller of solicitation to commit sodomy, in violation of Code §§ 18.2-29 and 18.2-361(A), and Waller was sentenced to sixty days in jail and a $1,500.00 fine. Waller appealed his conviction to this Court and sought leave to consolidate his case with that of nine other defendants. His request was granted, and his conviction was subsequently affirmed in the consolidated appeal. See DePriest v. Commonwealth, 33 Va. App. 754, 757 (2000). Waller "now seeks a Writ of Actual Innocence because his conduct has been decriminalized retroactively." Waller argues that under the U.S. Supreme Court's holding in Lawrence v. Texas, 539 U.S. 558 (2003), and that of the Supreme Court of Virginia in Toghill v. Commonwealth, 289 Va. 220 (2015), sodomy is not a crime unless it involves minors, non-consensual activity, prostitution, or public conduct; thus, he reasons that he is entitled to a writ of actual innocence.[1]

ANALYSIS

"Code § 19.2-327.10 confers original jurisdiction upon this Court to consider a petition for a writ of actual innocence based on non-biological evidence." Phillips v. Commonwealth, 69 Va. App. 555, 562 (2018) (quoting Bush v. Commonwealth, 68 Va. App. 797, 803 (2018)). This Court's authority to issue a writ of actual innocence, however, "is limited. It can only be exercised 'in *such cases* and in *such manner* as may be provided by the General Assembly.'" In Re: Brown, 295 Va. 202, 209 (2018) (quoting Va. Const. art. VI, § 1). Chapter 19.3 of Title 19.2 of the Code of Virginia provides both the authority and the statutory boundaries given by the General Assembly for granting of a writ of actual innocence.

> The plain and obvious reading of the Chapter indicates the legislature's intent that the issuance of a Writ of Actual Innocence be based solely on new findings of fact from newly discovered non-biological evidence. Nowhere in the Chapter does the

---

[1] In Toghill, the Supreme Court held that "Code § 18.2-361(A) cannot criminalize private, noncommercial sodomy between consenting adults, but it can continue to regulate other forms of sodomy, such as sodomy involving children, forcible sodomy, prostitution involving sodomy and sodomy in public." 289 Va. at 234.

Code invite retroactive interpretation and application of the legal effect of decisions of law.

Rhodes, 44 Va. App. at 15-16. Petitions that fall "outside of these statutory boundaries," must be submitted to the Governor of Virginia, who is vested with the power of executive clemency. Brown, 295 Va. at 209.

In Rhodes, this Court summarily dismissed a petition for a writ of actual innocence based on a claim that an opinion of this Court issued after the petitioner's conviction "should be applied to his case." Rhodes, 44 Va. App. at 15. We noted that the applicable statutes make "clear that the legislature intended this writ to be issued solely upon consideration of newly discovered *evidence* that was not available at the time of trial but that 'is material and, when considered with all of the other evidence in the current record, will prove that no rational *trier of fact* [would] have found proof of guilt beyond a reasonable doubt[.]'" Id. (quoting Code § 19.2-327.11). The petitioner had not asked this Court to consider any "new evidence requiring findings of fact." Id. "Because [the petitioner] only advance[d] an argument on the legal effect of [the subsequently issued opinion] in support of his petition, a ground not contemplated by the Code, we summarily dismiss[ed] his petition." Id. at 16.

Here, Waller argues that the legal holdings of Lawrence and Toghill should be applied to the facts of his case. As in Rhodes, Waller does not ask this Court to consider any newly discovered evidence that was not available at the time of trial. Waller "only advances an argument on the legal effect" of subsequent judicial decisions, "a ground not contemplated by the Code." See id. at 16. Accordingly, as in Rhodes, we summarily dismiss Waller's petition.

This order shall be published.

A Copy,

Teste: *original order signed by the clerk of the Court of Appeals of Virginia at the direction of the Court*
Clerk

-3-